IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BILLY LEWIS STEVENS                                                       PETITIONER

V.                                                    CIVIL ACTION NO. 3:23-CV-00237-SA-DAS

WARDEN                                                       RESPONDENT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on the *pro se* petition of Billy Lewis Stevens for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has moved to dismiss the petition for lack of jurisdiction (mootness) and for failure to state a claim upon which relief can be granted. Petitioner failed to respond to the motion, and the matter is ripe for resolution. For the reasons set forth below, Respondent's motion will be granted, and the instant petition will be dismissed.

Factual and Procedural Background

On September 28, 2017, Petitioner Stevens entered a guilty plea on two counts: (1) possession of methamphetamine with the intent to distribute, and (2) possession of a firearm by a convicted felon, before Judge Michael P. Mills in the Federal District Court for the Northern District of Mississippi. *See United States v. Stevens*, 1:17-cr-079-MPM-DAS, Doc. # 16. Following his guilty plea, on February 21, 2018, the Court sentenced Stevens to serve a term of 105 months on each count, to run concurrently, followed by a three-year term of supervised release on each count, to be served concurrently as well. *See id.* at Doc. # 27.

On June 28, 2023, Stevens filed the instant federal habeas corpus petition under 28 U.S.C. § 2241. Doc. # 1. In seeking habeas relief, Stevens believes that the Bureau of Prisons ("BOP") failed to credit his term of supervised release with the full time spent in a Residential Reentry Center (halfway house) under the First Step Act and Second Chance Act. *See id.* The BOP applied

Stevens' "Federal Time Credits" and released him from custody on June 30, 2023, "via First Step Act Release." *See id.* at 17.

## Discussion

A federal inmate may attack the manner in which his sentence is being carried out, or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Respondent argues that Stevens' petition should be dismissed both "because there is no fact or controversy remaining" and because the relief he seeks is not authorized.

To maintain jurisdiction, "the court must have before it an actual case or controversy at all stages of the judicial proceedings." *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citations omitted). A case is moot when it "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (citation omitted). A case becomes moot, however, "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)); *see also Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citations omitted).

A habeas petition may become moot when "[t]he main thrust" of the petitioner's application is to be released from confinement, and if petitioner is "released . . . this court can no longer provide him with that relief." *Bailey v. Sutherland*, 821 F.2d 277, 278 (5th Cir. 1987). Similarly, a petition may become moot when an "intervening factual event . . . causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citations omitted).

As noted above, the BOP granted Stevens' request for application of "First Step Act credits" to his custodial sentence and released him on June 30, 2023. To the extent that Stevens seeks application of these earned credits to his custodial sentence, that relief was, in fact, granted. Thus, any such claim would now be moot.

It seems, however, that Stevens primarily argues that these alleged credits should be applied to his term of supervised release. Terms of supervised release (or probation) are governed by 18 U.S.C. § 3583. Section 3583 lacks any language authorizing the automatic application of these credits to such terms. The Court found no authority from the Fifth Circuit addressing the issue raised by Stevens. Consequently, the Court looked to authority elsewhere.

There is but a single case found to have considered this issue. The District Court for the Western District of Michigan denied a petition in which the petitioner sought the same relief Stevens now apparently seeks. *See Corbeil v. United States*, No.1:23-cv-350, 2023 WL 3476286, at *1 (W.D. Mich. May 16, 2023). In *Corbeil*, the Michigan district court denied relief on exhaustion grounds, but went on to find that the petitioner's claim failed "as a matter of law both because Section 2241 is the wrong procedural vehicle and because leftover good time credits do not automatically reduce a term of supervised release in any event." *Id.*

The Michigan district court further noted that the petitioner could move for a reduction of the term of supervised release under 18 U.S.C. § 3582(e)(2) or, after serving at least a year of his term of supervision, he could seek early termination under 18 U.S.C.§ 3582(e)(1). *Id.* at n.2. And while "leftover good time credits may be a factor the Court chooses to consider, [] the Court is not compelled to do so, or to provide any automatic reduction credits." *Id.*

The Court is inclined to agree with the Michigan district court that the application of good time credits to terms of supervised release is hardly "automatic." The Court further agrees that

3

Section 2241 is not the appropriate vehicle in which to raise this issue. In sum, the Court finds that Stevens fails to state a claim upon which relief can be granted.[1]

Conclusion

Based on the foregoing discussion, the Court concludes that Stevens has failed to state a cognizable claim under 28 U.S.C. § 2241. The Court, therefore, GRANTS Respondent's motion [14] to dismiss and DISMISSES the petition filed in this cause. A separate judgment in accordance with this opinion and order will enter this day.

SO ORDERED, this the 20th day of March, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[1] This finding, however, does not preclude Stephens from arguing that any leftover good time credits should be a factor that the Court considers on any motion for discretionary relief under 18 U.S.C. § 3582(e) that may be filed in the future. *See Corbeil*, 2023 WL 3476286, at *3, n.3.